UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMBRAER AIRCRAFT MAINTENANCE SERVICES, INC., ) ) ) | |
| Plaintiff, ) ) | Case No. 3:13-cv-0059 |
| ) | Judge Trauger |
| v. ) ) | |
| AEROCENTURY CORP., ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the court is a Motion to Dismiss (Docket No. 8) filed by the defendant, AeroCentury Corp. ("AeroCentury"), and a Motion for Leave to File an Amended Complaint (Docket No. 20) filed by the plaintiff, Embraer Aircraft Maintenance Services, Inc. ("Embraer"). Both of the motions have been fully briefed by the parties. (Docket Nos. 13, 16, 19, 22.) For the reasons discussed herein, the court will allow Embraer to amend its Complaint, and the defendant's Motion to Dismiss will be denied as moot.

**BACKGROUND**

**I.    Overview**

Embraer, an aircraft maintenance company, filed this lawsuit to recover over $350,000 owed to it for work that it performed on an airplane (the "Aircraft") operated by Colgan Air, Inc.

("Colgan") and owned by AeroCentury, the defendant.[1] On an occasion prior to November 3, 2011, Colgan leased the Aircraft from AeroCentury, a California corporation. Around November 3, 2011, Colgan executed an agreement with Embraer under which Embraer was to perform certain maintenance, improvement, and repair services on the Aircraft in exchange for pay. Thereafter, Embraer performed and completed the services requested by Colgan under their agreement. The work was performed at Embraer's headquarters in Nashville, Tennessee. After completing the work, Embraer issued an invoice for its services to Colgan.

On April 1, 2012, Colgan filed a petition for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in a federal bankruptcy court in the Southern District of New York. At the time that it filed for bankruptcy, Colgan had not paid Embraer for its services.[2]

## II. The Lien

Embraer alleges that, at the time that it completed its services on the Aircraft, a repairmen's lien secured by the Aircraft (the "Lien") automatically arose under Tennessee law. *See* T.C.A. §§ 66-19-101, 66-19-102, 66-19-301, 66-19-302 (2013). On April 10, 2012, Embraer perfected the Lien with the Federal Aviation Administration pursuant to the Code of Federal

---

[1] Unless otherwise indicated, the facts have been drawn from the plaintiff's Complaint (Docket No. 1); the defendant's Motion to Dismiss (Docket Nos. 8-9, 16) and the plaintiff's responses thereto (Docket Nos. 13, 19); the plaintiff's Motion for Leave to File an Amended Complaint and the exhibits attached thereto (Docket Nos. 20-21); and the defendant's Response in opposition to the plaintiff's motion (Docket No. 22).

[2] Embraer is continuing to seek payment from Colgan in the ongoing bankruptcy proceeding in New York.

2

Regulations. Embraer then provided notice of the perfected Lien to Colgan and to AeroCentury. (Docket No. 1, Exs. 2-3.)

### III. The Action

Embraer filed this action against AeroCentury on January 25, 2013. Embraer's original Complaint seeks (1) a judgment against AeroCentury *in rem*, (2) enforcement of the Lien against the Aircraft in favor of Embraer, (3) an order directing the sale of the Aircraft by the United States Marshal Service with the proceeds to be directed to Embraer, and (4) the peaceful surrender of title to the Aircraft by AeroCentury. The defendant timely filed a Motion to Dismiss on April 1, 2013, arguing (1) that the court lacks personal jurisdiction over AeroCentury, (2) improper venue, and (3) that the plaintiff failed to adequately allege the subject matter jurisdiction of the court because it did not properly attach the Aircraft. Embraer filed a Response in opposition to the Motion (Docket No. 13), to which the defendant has replied (Docket No. 16). Embraer also filed a Sur-Reply with the court's permission (Docket No. 19). In its Sur-Reply, Embraer requested that the court grant permission to the parties to conduct limited discovery related to the issue of personal jurisdiction. (*Id.* at 2 n.3.)

On June 10, 2013, while the defendant's Motion to Dismiss was pending before the court, Embraer filed a Motion for Leave to File an Amended Complaint (Docket Nos. 20-21) ("Motion for Leave") pursuant to Fed. R. Civ. P. 15(a). In addition to its Motion for Leave, Embraer filed a proposed Amended Complaint (Docket No. 20, Ex. 1) and supporting declarations from two Embraer employees, Glenn Brown and Edward Sally (Docket No. 21, Exs. 1-2). AeroCentury opposed Embraer's Motion for Leave on June 24, 2013. (Docket No. 22.)

## ANALYSIS

Where there are both a dispositive motion and a motion to amend the complaint pending, the court must first address the motion to amend the complaint. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988).

## I. Motion to Amend

### A. Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court stated:

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182 (internal citations omitted). Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment. *Id.*; *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). The Sixth Circuit has found that "[t]he thrust of

Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading."
*Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

**B. Embraer's Motion to Amend**

Here, Embraer requests leave to amend its Complaint to allege facts related to this court's specific jurisdiction over AeroCentury.[3] Specifically, Embraer's proposed amendment includes allegations that, on three occasions, an agent of AeroCentury visited Embraer's facility in Nashville to inspect the Aircraft and add discrepancies and repair items to a bill of work originally drafted by Colgan. Embraer further alleges that, from California, AeroCentury's agent participated in the direction and auditing of the work performed by Embraer through email and telephone communications.[4] The new allegations raised by the proposed Amended Complaint demonstrate, at the very least, deliberate contact by AeroCentury with the state of Tennessee.

---

[3] AeroCentury has moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Docket No. 8.) The Supreme Court has identified "general" jurisdiction and "specific jurisdiction" as distinct bases for personal jurisdiction. A demonstration of the contacts necessary for either basis is sufficient to establish personal jurisdiction. *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Specific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Id.* General jurisdiction, on the other hand, exists when a defendant's contacts with a forum are "substantial" and "continuous and systematic." *Id.* Although neither party has drawn the distinction here, it appears that Embraer is alleging that the court possesses specific jurisdiction over AeroCentury.

[4] The plaintiff has attached email correspondence to its proposed Amended Complaint that reflects communications among AeroCentury, Colgan, and an Embraer representative regarding the work being performed on the Aircraft. (Docket No. 20, Ex. 1, Ex. 1.)

In opposition, AeroCentury contends that the court should deny the Motion for Leave because (1) Embraer has engaged in undue delay, (2) AeroCentury would suffer prejudice if the court permitted amendment because it invested substantial time and resources in its Motion to Dismiss the original Complaint, and (3) the Motion for Leave should be denied as futile. After reviewing Embraer's proposed Amended Complaint, the court concludes that Embraer's Motion for Leave should be granted.

1. <u>Delay</u>

The defendant's argument that the plaintiff unduly delayed in seeking to amend the Complaint is without merit. Embraer filed its Motion for Leave only a few weeks after the Motion to Dismiss was fully briefed, and the court considers it reasonable that Embraer did not include the proposed additional factual allegations in its original Complaint. Thus, there is no reason to conclude that the Motion for Leave was unduly delayed.

2. <u>Prejudice</u>

AeroCentury claims that granting the plaintiff's Motion for Leave would unduly prejudice AeroCentury because it expended "substantial resources moving to dismiss the original Complaint, reviewing Plaintiff's response, preparing a reply, and evaluating the impact of Plaintiff's sur-reply." This alleged prejudice is insufficient reason to deny the Motion for Leave. The plaintiff is not alleging a new claim; it is merely asserting additional specific facts to bolster its assertion that the court has personal jurisdiction over AeroCentury. AeroCentury's efforts will not be wasted because it may incorporate the majority of its arguments from its Motion to Dismiss the original Complaint by reference into a future motion to dismiss. Accordingly, the proposed amendment is not unduly prejudicial.

3. <u>Futility</u>

AeroCentury further argues that Embraer's Motion for Leave is futile because Embraer's new allegations do not cure the jurisdictional defects of the original Complaint. However, Embraer's proposed Amended Complaint alleges facts that establish deliberate contact between an agent of AeroCentury and Tennessee. Consequently, the plaintiff alleges that AeroCentury purposefully availed itself of the privilege of acting in Tennessee. The plaintiff's proposed amendment is highly relevant to the determination of whether or not the court possesses specific jurisdiction over AeroCentury. Accordingly, the plaintiff's Motion for Leave is not futile.

For these reasons, Embraer's Motion for Leave will be granted. For clarity of the record, the plaintiff will be permitted to re-file its proposed Amended Complaint as an "Amended Complaint." AeroCentury has already stated its intention to file a motion to dismiss the Amended Complaint for lack of personal jurisdiction. (Docket No. 22 at 4.) In anticipation of AeroCentury's motion, the court will grant Embraer's previous request that the parties be permitted to engage in jurisdictional discovery.[5]

## II. **The Defendant's Motion to Dismiss**

Because the Complaint will no longer be operative, AeroCentury's pending Motion to Dismiss will be denied as moot. Once the Amended Complaint is re-filed, the defendant may

---

[5] The plaintiff previously requested that the parties be given "leave to conduct jurisdictional discovery to determine whether Colgan was required by its lease to perform maintenance and repair services." (Docket No. 19 at 2 n.3). It is well settled that a district court "may permit discovery in aid of deciding" a motion to dismiss for lack of personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

7

respond to the Amended Complaint in accordance with the applicable rules. (*See, e.g.*, Fed. R. Civ. P. 15(a)(3)).[6]

## **CONCLUSION**

For these reasons, the plaintiff's Motion for Leave (Docket No. 20) is **GRANTED**. For clarity of the record, the plaintiff is **ORDERED** to re-file its proposed Amended Complaint as an "Amended Complaint" within ten (10) days of the court's Memorandum and Order. The defendant's Motion to Dismiss (Docket No. 8) is **DENIED AS MOOT**. It is further **ORDERED** that the stay of discovery is lifted so that the parties may engage in discovery relevant to personal jurisdiction only for forty-five (45) days from the entry of this Order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[6] The court makes no determination as to the merits of the defendant's Motion to Dismiss by denying it as moot.