IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMBRAER AIRCRAFT )
MAINTENANCE SERVICES, INC., )
)
    Plaintiff, ) NO. 3:13-cv-00059
) JUDGE TRAUGER
v. )
)
AEROCENTURY CORP., )
)
    Defendant. )

## MEMORANDUM

Pending before the court is Plaintiff's Second Motion for Leave to File a Second Amended Complaint (Docket No. 79). Defendant has filed a Response (Docket No. 82), and Plaintiff has filed a Reply (Docket No. 83). For the reasons stated herein, Plaintiff's Motion is GRANTED.

## BACKGROUND

This action arises from certain repairs and maintenance work performed by Plaintiff Embraer Aircraft Maintenance Services, Inc. on a SAAB-SANIA Model SAAB340B aircraft ("the plane") owned (when this case arose) by Defendant Aerocentury Corp. At the time of Plaintiff's work on the plane, Defendant had leased the plane to Colgan Air, Inc. In late 2011, when Colgan's lease with Defendant was about to expire, Colgan contracted with Plaintiff to perform inspection, maintenance and any needed repair work for the plane, work required by Colgan's lease with Defendant. Plaintiff worked with representatives of both Colgan and Defendant to detail the service and repairs to be done.

When Plaintiff completed its work, a repairman's lien secured by the plane automatically arose under Tennessee law. Tenn. Code Ann. §§ 66-19-101 and 66-19-102. Plaintiff issued an invoice for its work to Colgan for $351,465.20. Colgan never paid the invoice and, in fact, filed for bankruptcy

protection soon thereafter. Plaintiff perfected its lien by filing a notice in the Register of Deeds for Davidson County, Tennessee, and a separate notice with the Federal Aviation Administration. Plaintiff also notified Colgan and Defendant about its lien.

On January 25, 2013, Plaintiff initiated this action to foreclose on the plane in satisfaction of its lien. In July of 2013, with no notice to Plaintiff, and after this foreclosure proceeding had been underway for six months, Defendant leased the plane, with a purchase option, to an aviation company known as URGA, located in the Ukraine. Pursuant to the lease with URGA, the plane was exported to Ukraine and removed from registration in the United States. On March 25, 2014, URGA exercised its purchase option and Defendant sold the plane to URGA, despite the pending foreclosure proceedings in this court.

On November 24, 2015, Plaintiff filed a Motion for Summary Judgment in this action. In its Response to Plaintiff's Motion, Defendant disclosed, for the first time, that Defendant had sold the plane that is the subject of this action. Plaintiff then asked the court to order Defendant to deliver the proceeds from sale of the plane to Plaintiff, to be applied toward the debt owed to Plaintiff for work it performed on the plane.

The court found that it could not decide Plaintiff's motion because it was unclear, under Tennessee law, whether Tenn. Code Ann. § 66-21-101 allows the enforcement of a statutory lien, such as Plaintiff's, by any method other than attachment of the lien-subject property.[1] Docket No. 69 at 5. Therefore, on March 25, 2016, the court certified two state law questions to the Tennessee Supreme Court as follows:

---

[1] Tenn. Code Ann. § 66-21-101 provides that any and all liens given by statute on personal property, except attorney's liens, where no method of enforcing the same is specifically prescribed by statute, *may* be enforced by original attachment.

1. May a repairman's lien arising under Tenn. Code Ann. § 66-19-101[2] be enforced by a method other than attachment of the lien-subject property itself?

2. Under what circumstances, if any, may a court attach the proceeds of the sale of lien-subject property, or otherwise reach them with a judgment, where the owner has rendered attachment of the lien-subject property impracticable or impossible after the initiation of a foreclosure proceeding?

Docket No. 69. The court then stated that it would hold this case in abeyance and ordered the Clerk to administratively close the case. Docket No. 70.

On November 27, 2017, the Tennessee Supreme Court responded to this court's certified questions. It held that the only remedy provided for in Tenn. Code Ann. § 66-21-101 is attachment of lien-subject property. Docket No. 75 at 11 and 13. The court stated that the statutory lien follows the property and, therefore, there is no Section 66-19-101 statutory lien on the proceeds resulting from any sale of the plane. Therefore, as Plaintiff has no lien on the proceeds of the sale, Section 66-21-101 provides no remedy for Plaintiff to reach the proceeds. The court declined to answer the second question, finding that it did not state a defined question of unsettled Tennessee law. *Id.*

After receiving the Tennessee Supreme Court's Order, this court reopened the file and held a telephone conference with counsel for the parties to discuss the status of the case. Docket No. 76. The Plaintiff requested leave to amend the complaint based upon new information and a new legal theory, which the court granted. The court issued an Order setting forth the briefing schedule for the Motion to Amend. Docket No. 77. That Motion to Amend is now before the court.

MOTIONS TO AMEND

---

[2] That statute provides for the automatic lien for Plaintiff's repairs of the plane. Tenn. Code Ann. § 66-19-101.

Rule 15 of the Federal Rules of Civil Procedure provides that district courts should freely give leave to amend complaints when justice requires it. The Supreme Court has held that a motion to amend should be liberally granted unless the motion is brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing party. *Waddle v. Comm'r., Tenn. Dept. of Correction*, 2017 WL 6442143 at * 2 (M.D. Tenn. Dec. 15, 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1963)). Amending a complaint would be futile if the proposed amendment would not survive a motion to dismiss. *Waddle* at * 2. The district court has broad discretion to determine whether to grant or deny a motion to amend a complaint. *Id*.

PLAINTIFF'S MOTION

Plaintiff seeks leave to add two new claims against Defendant - a claim for conversion and a claim for breach of the Purchase Agreement with URGA, of which Plaintiff claims to be a third-party beneficiary. Defendant argues that Plaintiff's proposed amendments are futile, as they are both subject to dismissal under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

Plaintiff's First Amended Complaint sought foreclosure of Plaintiff's repairman's lien against the plane, including an order directing surrender of the plane to the U.S. Marshals Service and sale of the plane, with the proceeds being used to pay Defendant's indebtedness to Plaintiff. Docket No. 24. These claims have been rendered moot because of Defendant's sale of the plane and the Tennessee Supreme Court's interpretation of Tenn. Code Ann. § 66-21-101. Plaintiff also sought, however, such other, further and general relief as the court deems appropriate or to which Plaintiff shows itself entitled. Docket No. 24.

Conversion

Conversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *PNC Multifamily Capital Institutional Fund XXVI Lmt. P'ship v.*

4

*Bluff City Cmty. Dev. Corp.,* 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). Under Tennessee law, a party seeking to establish a conversion claim must prove: (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Id.; Kinnard v. Shoney's, Inc.*, 100 F.Supp.2d 781, 797-98 (M.D. Tenn. 2000).

Defendant argues that Plaintiff's lien has not been destroyed; rather, it stayed with the plane, even though the plane has been sold to someone in the Ukraine. Defendant asserts that Plaintiff may be able to use the Cape Town Convention, an international treaty, to execute on its lien. Defendant also contends that Plaintiff still has a pending claim in the bankruptcy court against Colgan, from which it should be able to recover some or all of the outstanding debt.

The court finds that Defendant's sale of the plane to someone outside the United States, and removing the plane from U.S. registration, either destroyed any lien of Plaintiff or, at a minimum, made repossession and sale by Plaintiff impracticable or impossible.[3] Defendants sold the plane with actual knowledge that Plaintiff was claiming a prior statutory and recorded security interest in the plane and in spite of the fact that a suit was pending to foreclose on Plaintiff's security interest in the plane. Plaintiff's allegations are sufficient to state a claim for purposes of a motion to dismiss and, therefore, its claim for conversion is not futile. Plaintiff's Motion to Amend to add this first claim will be granted.

Breach of Purchase Agreement

Plaintiff also proposes to assert a claim for Defendant's breach of its Purchase Agreement with URGA, contending that Plaintiff is an intended third-party beneficiary of that agreement. Defendant

---

[3] *Cf. Allen v. Simmons Machinery Co., Inc.*, 666 S.W.2d 44, 47 (Tenn. 1984).

argues that Plaintiff is not a third-party beneficiary of the Purchase Agreement and, therefore, Plaintiff's second claim would be futile.

The Purchase Agreement provides: "Seller represents and warrants that on the date of Closing, Seller has and will transfer Seller's title to the aircraft, free and clear of all mortgages, liens, claims, charges or encumbrances, leases, security interests ("Liens") created by or through Seller, except as disclosed on Attachment F ("Remaining Liens"). The Remaining Liens will be released by Seller as soon as practicable after Closing at Seller's sole cost and expense." Docket No. 79-7 at 3.[4] Attachment F describes two liens, one of which is "Mechanic's Lien for unpaid work on Aircraft for indebtedness incurred by Colgan Air filed with the US Federal Aviation Administration." *Id*. at 22.

The Purchase Agreement expressly provides that it is to be construed under California law. *Id*. at 8. Both parties cite to the California Civil Code, § 1559, which states: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. The word "expressly," by judicial interpretation, has come to mean merely the negative of "incidentally." *Prouty v. Gores Technology Group*, 121 Cal. App. 4th 1225, 1232-33 (Cal. Ct. App. 2004).

Under California law, a third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party, and the terms of the contract make that intent evident. *Balsam v.*

---

[4] In other paragraphs, the Purchase Agreement repeats this information about releasing the liens: "At the Closing, Seller will transfer to Buyer all its right, title and interest to the Aircraft, free and clear of Liens created by or through Seller, except for certain liens identified on Attachment F, which shall be removed by Seller as soon as practicable after Closing as set forth in Section 2(e) above." Docket No. 79-7 at 4 and "Seller shall convey good and marketable title to such Aircraft, free and clear of all Liens recorded at the registries created by or through Seller, except as set forth in Attachment F." *Id*. at 5.

*Tucows Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010). Whether the third party is an intended beneficiary involves construction of the intention of the parties, gathered from reading the contract as a whole, in light of the circumstances under which it was entered. *Id*. A third party who is only incidentally benefitted by a contract does not have standing to enforce the contract. *Andrew Smith Co. v. Paul's Pak, Inc.*, 754 F.Supp. 2d 1120, 1133 (N.D. Cal. 2010). In order for one to have standing as a third-party beneficiary, the contract must have been expressly entered into for the intended benefit of that third party. *Id*.

Plaintiff argues that, because the Purchase Agreement recognizes Plaintiff's lien and indicates that Defendant will release that lien at Defendant's cost and expense, the contract is intended to benefit Plaintiff.[5] Defendant contends that there is no basis to claim that the Purchase Agreement between Defendant and URGA was made expressly for the benefit of Embraer.

The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. *Prouty*, 121 Cal. App. 4th at 1232. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to a third person. *Id*. Also, the contract need not be exclusively for the benefit of the third party. *Id*. at 1233. On the other hand, a third party who is only incidentally benefitted by performance of a contract is not entitled to enforce it. *Id*. It must appear to have been the intention of the parties to secure to the third party the benefit of the contract's provisions. *Id*.[6]

---

[5] Plaintiff also argues that the Purchase Agreement includes no prohibition of third-party beneficiaries, but the absence of such a prohibition does not create an expressed intent to benefit a third party.

[6] In *Prouty*, the contract at issue was a purchase agreement between an employer and its new parent company. The contract expressly granted rights to former employees and, therefore, the

7

The court finds that the terms of the Purchase Agreement that require Plaintiff's lien to be released were intended to confer a benefit upon Plaintiff. The contract requires Defendant to release Plaintiff's lien, which would clearly benefit Plaintiff because release of its lien would require payment of the debt. The benefit to Plaintiff of having the lien *paid*, rather than simply having an unliquidated claim attached to a plane in the Ukraine or a possible claim in bankruptcy court, is evident by the circumstances of this case.

The court finds that Plaintiff's second claim, for breach of the purchase agreement, is sufficiently alleged to state a claim for purposes of a motion to dismiss and, therefore, would not be futile. Accordingly, Plaintiff's Motion to Amend to add this second claim will be granted as well.

## CONCLUSION

For these reasons, Plaintiff's Second Motion for Leave to File a Second Amended Complaint (Docket No. 79) will be GRANTED.

IT IS SO ORDERED.

ENTER this 6th day of March 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

court held that it was enforceable by those third party employees. *Prouty*, 121 Cal. App. 4th at 1225.